**W.O.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dalonno C. Johnson,<br><br>        Plaintiff,<br>vs.<br><br>Union Pacific Railroad Company,<br><br>        Defendant. | No. CV-17-04803-PHX-SPL<br><br>**ORDER** |

Plaintiff failed to appear for his deposition scheduled for Thursday, October 10, 2019 at 10:00 a.m. (Doc. 53) The parties filed a Joint Statement of Discovery Dispute, where Plaintiff argued that his absence from the deposition should be excused. (Doc. 60) The Court set a discovery dispute hearing for November 26, 2019 at 9:00 a.m. (Doc. 61) Plaintiff again failed to appear at the hearing. (Doc. 70) For the following reasons, the Court will dismiss this case for failure to prosecute.

**I.    Background**

Plaintiff sustained multiple injuries at work while employed as a railroad conductor for Defendant. (Doc. 18 at 1-5) On December 29, 2017, Plaintiff, acting *pro se*, filed this lawsuit. (Doc. 1) On June 29, 2018, Plaintiff filed an amended complaint, alleging claims under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq.; the Federal Railroad Safety Act, 49 U.S.C. § 20109; the Federal Safety Appliance Act, 49 U.S.C. § 20302 et seq.; and the federal regulations governing track safety standards, 49 C.F.R. § 213.1 et seq. (Doc. 18 at 1-5) The Court set the discovery deadline for January 17, 2020, and the parties

began the discovery process. (Docs. 28, 45)

On September 20, 2019, Defendant filed notice of Plaintiff's deposition scheduled for October 10, 2019. (Doc. 53) On September 25, 2019, Plaintiff filed a Motion to Appoint Counsel. (Doc. 54) On October 8, 2019, Plaintiff sent the defense counsel several emails indicating that he did not intend to appear for the deposition. (Doc. 60-1 at 12-15) On October 9, 2019—one day before the deposition—Plaintiff filed an Emergency Motion for Protective Order. (Doc. 57) In the motion, Plaintiff requested a protective order because Plaintiff's Motion to Appoint Counsel was still outstanding. (Doc. 57 at 3) At 10:00 a.m. on the day of the deposition, Plaintiff failed to appear. (Doc. 60 at 3-4) The same day, the Court issued an order denying Plaintiff's request for counsel and his request for a protective order. (Docs. 58, 59)

On October 15, 2019, Plaintiff and Defendant filed a Joint Statement of Discovery Dispute. (Doc. 60) Pursuant to Federal Rule of Civil Procedure 30(g), Defendant sought sanctions in the amount of $500 due to Plaintiff's failure to attend his deposition. (Doc. 60 at 2) Defendant asserted that it incurred $270 in deposition-related expenses and $230 in attorneys' fees. (Doc. 60 at 2)

In response, Plaintiff argued that Defendant unilaterally set a time for the deposition, and Defendant refused to reschedule when Plaintiff indicated that he could not appear. (Doc. 60 at 3) Plaintiff asserted that he has "a disability that [hinders] his physical and cognitive capabilities," and he felt that his interests would be better protected with representation at the deposition. (Doc. 60 at 3) Therefore, Plaintiff wanted to wait until after the Court ruled on his Motion to Appoint Counsel before scheduling the deposition. (Doc. 60 at 3-4) The Court set a hearing on the discovery dispute for November 26, 2019 at 9:00 a.m. (Doc. 61) Plaintiff failed to appear for the hearing. (Doc. 70)

**II.  Discussion**

"Plaintiffs have the general duty to prosecute their case[,] [and] . . . [a] plaintiff's failure to participate in discovery may [] be deemed a failure to prosecute." *See Briley v. Valley Medtrans Inc.*, No. CV-16-00941-PHX-ESW, 2018 WL 826548, at *1 (D. Ariz. Feb. 12,

2018) (citing *Fidelity Phila. Tr. Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978)). A court may act sua sponte when dismissing a case for lack of prosecution. *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). Only "unreasonable" delay will support a dismissal for lack of prosecution. *Id.* A district court must weigh five factors to determine whether dismissal for lack of prosecution is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Calloway v. Hayward*, 651 Fed.Appx. 637, 639 (9th Cir. 2016). "Dismissal may be affirmed when at least four factors favor dismissal or at least three factors strongly favor dismissal." *Id.* The Court reviews each factor below.

### A. Factors One and Two: Expeditious Resolution of Litigation and Management of The Court's Docket

The Court finds that the first two factors favor dismissal. First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Second, the trial court—not the plaintiff—should control the pace of the docket. *See id.* The Court finds that the delay caused by Plaintiff in this case is unreasonable and has caused an interference with the Court's docket. Plaintiff has twice failed to appear when his appearance was necessary to move this case forward. It is clear that Plaintiff does not respect the Court's time. Plaintiff is taking away time that could be devoted to other cases on the Court's active docket.

### B. Factor Three: Prejudice to Defendant

"In determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987) (internal citation omitted). The Court finds that the third factor also favors dismissal. The underlying event which predicated this case is Plaintiff's injury at work. Only Plaintiff knows key information necessary to establish the timeline of events and other relevant

information at issue in this case. Plaintiff now attempts to impede the resolution of the case by preventing Defendant from gathering such relevant information for trial. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale.") (internal citation omitted). The Court finds that Plaintiff's repeated absence is unreasonable and prejudicial to Defendants' ability to form a defense in this case.

### C. Factor Four: The Availability of Less Drastic Matters

A court has great discretion in reprimanding a party who unnecessarily delays discovery. *See* Fed. R. Civ. P. 37. When considering whether to dismiss a case for lack of prosecution, a court should consider the feasibility of alternative sanctions before ultimately dismissing the case. *See Estrada v. Speno & Cohen*, 244 F.3d 1050, 1057 (9th Cir. 2001). However, when a party engages in egregious behavior—such as the repeated failure to comply with a court's order—then the explicit discussion of alternative sanctions is unnecessary. *Id.*

Here, Plaintiff timely received notice of the scheduled deposition, but Plaintiff chose to wait until the day before the deposition to file a motion for protective order. (Docs. 53, 57) Additionally, Plaintiff did not file a motion to stay the deposition pending his motion for protective order. Although Plaintiff asserts that he wanted to wait for the Court's ruling on his motion to appoint counsel, that reasoning does not justify his failure to appear at the deposition. *See Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 336-38 (D. Nev. 2016) ("The mere filing of a motion for protective order does not relieve a deponent of his duty to appear at a deposition; instead, that duty is relieved only by obtaining either a protective order or an order staying the deposition pending resolution of the motion for protective order.").

Subsequently, the Court found good cause to set a discovery dispute hearing and allow Plaintiff an opportunity to argue why sanctions were not an appropriate response for his

failure to appear. To add insult to injury, Plaintiff failed to appear for that hearing.[1] (Doc. 70) The Court finds that Plaintiff's behavior is egregious, and therefore, the fourth factor favors dismissal.

Alternatively, even if the Court found that this factor weighed against dismissal, "it is not sufficient to outweigh the other four factors, which in this case support dismissal." *U.S. Postal Serv.*, 833 F.2d at 133 n.2.

### D. Factor Five: Judgment on the Merits

Generally, the last factor weighs against dismissal. *See Calloway*, 651 Fed.Appx. at 640. However, the Court finds that the public policy of this factor is hindered when a party attempts to prevent necessary discovery. Therefore, in this unique instance, the Court finds that the last factor weighs in favor of dismissal because Plaintiff is impeding meritorious evidence from being discovered and used in this case. In this way, judgment on the merits would be impossible. Accordingly,

**IT IS ORDERED** that the case shall be **dismissed with prejudice**. The Clerk's Office shall terminate the case accordingly.

Dated this 27th day of November, 2019.

Honorable Steven P. Logan
United States District Judge

---

[1] As a result of Plaintiff's failure to appear at the deposition, the Court imposed sanctions in the amount of $500. (Doc. 70)

5