**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dalonno C. Johnson, | No. CV-17-04803-PHX-SPL |
| Plaintiff, | **ORDER** |
| vs. | |
| Union Pacific Railroad Company, | |
| Defendant. | |

Dalonno C. Johnson ("Plaintiff") filed suit against his employer Union Pacific Railroad Company ("Defendant"), alleging that Defendant was liable under federal law for injuries Plaintiff sustained while working as a railroad conductor. (Doc. 18) On September 20, 2019, Defendant filed notice of Plaintiff's deposition scheduled for October 10, 2019. (Doc. 53) Plaintiff failed to appear for the deposition. (Doc. 60 at 3-4) On October 15, 2019, Plaintiff and Defendant filed a Joint Statement of Discovery Dispute, arguing whether or not sanctions should be imposed for Plaintiff's failure to appear at the deposition. (Doc. 60) The Court set a hearing on the discovery dispute for November 26, 2019 at 9:00 a.m. (Doc. 61) Plaintiff again failed to appear for the hearing. (Doc. 70) On November 27, 2019, the Court issued an Order dismissing the case for lack of prosecution. (Doc. 71) Approximately one month later, on December 23, 2019, Plaintiff filed a Motion for Reconsideration. (Doc. 75)

Local Rule of Civil Procedure 7.2(g) states, "[a]bsent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing

of the Order that is the subject of the motion." Moreover, reconsideration is highly disfavored and only appropriate in rare circumstances. *See Bergdale v. Countrywide Bank FSB*, No. CV-12-8057-PCT-SMM, 2014 WL 12643162, at *2 (D. Ariz. May 23, 2014) ("[Reconsideration] motions should not be used for the purpose of asking a court to rethink what the court had already thought through—rightly or wrongly.") (citation omitted). A motion for reconsideration will be granted only where the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).

In the Motion, Plaintiff argues that his failure to appear at the discovery dispute hearing should be excused for good cause. (Doc. 75 at 2-3) Specifically, Plaintiff asserts that he was seeking medical treatment due to severe pain on November 25-27, 2019, and therefore, he could not attend the hearing. (Doc. 75 at 2-3) In addition, Plaintiff requests that the Court reconsider its Order because dismissal with prejudice is "an extremely drastic decision." (Doc. 75 at 5) However, Plaintiff failed to timely file his Motion, and Plaintiff has not shown that the Court committed clear error or that the initial decision was manifestly unjust. *See ACandS, Inc.*, 5 F.3d at 1263. It remains that Plaintiff failed to appear twice at critical stages in this case. Additionally, Plaintiff waited almost a month to notify the Court of the reasoning for his failure to appear at the discovery dispute hearing. Plaintiff cannot now seek to correct his failures through an untimely motion for reconsideration. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 75) is **denied**.

Dated this 6th day of January, 2020.

Honorable Steven P. Logan
United States District Judge